Kenneth S. KIELWEIN and Wife, Laurie Kielwein, Appellants,

v.

GULF NUCLEAR, INC., Appellee.

No. A14–89–172–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 4, 1990.

Kenneth T. Ward, Houston, for appellants.

John O. Kain, Mark Wham, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellants Kenneth Kielwein, a former laboratory technician for appellee Gulf Nuclear, Inc., and his wife, Laurie Kielwein, appeal from a summary judgment in their suit alleging negligence, gross negligence, and an intentional assault and battery in an incident involving radioactive material at Gulf Nuclear's plant in Webster, Texas. Because Gulf Nuclear had in effect a valid workers' compensation policy of which Kenneth Kielwein had actual notice, the trial court struck appellants' negligence pleadings and, finding no genuine issue of fact that Gulf Nuclear intended to injure Kielwein, the court granted appellee's motion for summary judgment. We reverse.

Kenneth Kielwein's supervisor instructed him and other employees to de-contaminate an area in which highly radioactive Americium–241 isotopes were spilled when another employee accidentally sliced through a sealed capsule. Kielwein asked for but was not provided certain safety equipment, and he spent a full day working in the contaminated room. Dr. John A. Burdine, chief of nuclear medicine at St. Luke's Hospital in Houston, subsequently tested Kielwein and found Americium–241 and other radioactive materials in Kielwein's body. Appellants allege that Kielwein's exposure to the radioactive materials has caused him great anxiety, mental pain and anguish, and extreme insomnia, and that Mrs. Kielwein has suffered loss of her husband's companionship, and extreme mental pain and anguish due to their physician's warning that Kielwein, age 31, should not father children due to genetic and chromosomal damage he may have suffered.

■ The Kielweins contend that although Gulf Nuclear had purchased a valid workers' compensation insurance policy and Kielwein had actual notice of the policy due to signs posted in the plant, the trial court erred in denying the Kielweins' negligence pleadings and limiting their remedy to a workers' compensation claim because Gulf Nuclear was not a "subscriber" to the Texas Workers' Compensation Act. TEX. REV.CIV.STAT.ANN. arts. 8306–8309i; art. 8306, § 4. It is undisputed that Gulf Nuclear did not comply with the Act's requirement to notify the Industrial Accident Board of its intent to provide compensation coverage for employees. *See* TEX.REV.CIV. STAT.ANN. art. 8308, § 18a(a) (Vernon Supp. 1989). An employer's notice to the State is "critical" in determining whether an employer had the intention to be a subscriber under the Act. *Ferguson v. Hospital Corp. Int'l*, 769 F.2d 268, 273 (5th Cir. 1985), *reh'g denied*, 776 F.2d 105. However, it is undisputed that Kielwein had notice of the coverage, and there is no evidence that he could not have successfully filed a claim under Gulf Nuclear's workers' compensation insurance policy.

■ *Ferguson* is clearly distinguishable in that its plaintiffs had neither actual nor constructive notice, thus the Fifth Circuit Court of Appeals did not decide whether pre-injury notice to employees is sufficient to bar a common law suit for injury. *Id.* at 275 n. 11. We hold that pre-injury notice to Kielwein was sufficient to apprise him of the means to seek workers' compensation for his alleged injury. Because there is no showing that Gulf Nuclear's failure to file notice with the Board deprived its employees of workers' compensation coverage, we overrule the Kielweins' points of error regarding their claims of negligence.

■ Irrespective of their negligence claims, the Kielweins pled an intentional injury that, if true, would not be barred by Gulf Nuclear's workers' compensation coverage. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985). In point of error number one, the Kielweins claim the trial court erred in granting a summary judgment to Gulf Nuclear because there is competent evidence to raise a fact issue regarding whether appellee's conduct constitutes an intentional tort. We agree. On appeal, it is appellee's burden to establish as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex. 1989), and this they have failed to do.

Kielwein admitted he had no knowledge of his supervisors "trying to hurt" him. However, the mere fact that an injured worker was not aware of any intention by his supervisor to injure him does not establish the nonexistence of intent as a matter of law. *Id.*

If Gulf Nuclear knew with "substantial certainty" that appellant would be injured, then its action rises to the level of intentional tort. *Id.* at 412; *Reed Tool Co.*, 689 S.W.2d at 406 (citing Restatement (Second) of Torts § 8A (1965)). In opposition to Gulf Nuclear's motion for summary judgment, the Kielweins offered the affidavit of Dr. Carl J. Johnson. His affidavit stated, in pertinent part:

It is my opinion that the conduct of Gulf Nuclear, Inc. in operating it's (sic) facility and failing to take appropriate measures to protect Plaintiff during the clean-up operation of the radiation spill was *substantially certain* to cause Mr.

Kielwein's injury and was *substantially certain* to result in radioactive contamination of Mr. Kielwein and his fellow workers. It is impossible for Gulf Nuclear, Inc. to have been unaware that exposing Plaintiff to such risks without any protection whatsoever would be *substantially certain* to cause Mr. Kielwein's organ deposits of Americium and other Radionuclides. (Emphasis added.)

Appellee argues that Dr. Johnson "could not and did not state that Gulf Nuclear *believed* its conduct was substantially certain to injure Kielwein." (Emphasis added.) However, the affidavit specifically states "it is impossible" for Gulf *not* to be aware of the danger of exposing Kielwein to the risk without protection. The question of Gulf Nuclear's intent, belief, or lack thereof is uniquely a fact question for the trier of fact after considering all of the relevant evidence. *Foreca, S.A. v. GRD Dev. Co.*, 758 S.W.2d 744, 745–46 (Tex. 1988); *Turboff v. Gertner, Aron & Ledet Inv.*, 763 S.W.2d 827, 830 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

We hold under the facts of this case that Dr. Johnson's affidavit raises an issue of material fact whether Gulf Nuclear's conduct rose to the level of an intentional tort. We therefore reverse the trial court's summary judgment and remand the cause for a trial on the merits.