Debbie CHAPMAN, Appellant,

v.

Deborah Ann GONZALES, Appellee.

No. A14–91–0703–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 23, 1992.

Rehearing Denied Feb. 27, 1992.

Frank E. Sanders, Houston, for appellant.

Warren E. Hancock, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a denial of a motion for summary judgment filed by appellant, Debbie Chapman. Appellee, Deborah Ann Gonzales (Gonzales), brought suit against appellant and Harris County, Texas under the Texas Tort Claims Act, TEX.CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986),[1] alleging negligence. Appellant filed a motion for summary judgment based on her individual qualified immunity from liability and suit. The trial court denied the motion. Appellant then perfected this interlocutory appeal pursuant to TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1991).[2] In two points of error, appellant alleges that the trial court erred in denying her motion for summary judgment. We reverse and render.

Appellant was employed as the personnel director of the Harris County Sheriff's Department. On September 4, 1988, she was conducting a pre-employment fitness test of applicants for the Harris County Sheriff's Academy. Gonzales was one of the applicants being tested that day. The timed fitness test was conducted on an obstacle course at a Harris County Sheriff's Department facility. When Gonzales reached the overhead horizontal ladder, she could not reach the first ring to pull herself up. Appellant placed her foot on a pole driven into the ground with her thigh parallel to ground. She assisted Gonzales to stand on her thigh to reach the ladder, but

1. Section 101.021(2) provides:

A governmental unit in the state is liable for: (2) personal injury and death so caused by a condition or use of tangible or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

2. Section 51.014(5) provides:

A person may appeal from an interlocutory order of a district court ... that: (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

Gonzales fell to the ground and injured her knee.

Appellant, in two points of error, complains of the trial court's denial of her motion for summary judgment. She alleges that as a matter of law she is immune from both liability and suit because of the doctrine of individual immunity. She also argues that Gonzales failed to present any evidence which raised an issue of material fact as to her claim of immunity.

In order for summary judgment to be proper, appellant must establish that she is entitled to judgment as a matter of law and that there is no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). On review, we must view the evidence in the light most favorable to Gonzales, the non-movant, and resolve all doubts and inferences in favor of Gonzales. *Id.* at 548–49. *See also Turboff v. Gertner, Aron & Ledet Invs.*, 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied). The appellant and Gonzales agree as to the facts of how the accident happened. Additionally, they both cite the same statutory and case law in their summary judgment pleadings and in their appellate briefs. Therefore, we must determine whether the trial judge properly applied the law in denying appellant's motion for summary judgment.

As a general rule "[g]overnment officers have a common-law immunity from personal liability while performing discretionary duties in good faith within the scope of their authority." *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied) (citing *Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425, 427 (Tex.1954)). This quasi-judicial or qualified immunity is based on sound public policy which encourages public officers to perform their duties without fear of personal liability for negligent or improper performance. *Id. See Baker v. Story*, 621 S.W.2d 639, 643–44 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). In the instant case, there is no dispute that appellant was a County employee, was acting within the scope of her authority, and was performing her duties in good faith. Thus, the only remaining issue is whether her duties are discretionary.

The law draws a distinction between official duties which are discretionary and those which are ministerial in nature. *Carpenter*, 797 S.W.2d at 101 (citing *Rains v. Simpson*, 50 Tex. 495, 501 (1878)). If appellant's duties were ministerial in nature, she will be personally liable for torts committed while performing those duties. *Torres v. Owens* 380 S.W.2d 30, 33–34 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Where duties are prescribed and defined by the law "with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial." *Carpenter*, 797 S.W.2d at 101 (quoting *Rains v. Simpson*, 50 Tex. 495, 501 (1878)). Ministerial duties require only obedience to orders, or the performance of a duty in which the employee or officer has no choice of his own. *Baker*, 621 S.W.2d at 645. On the other hand, duties which are discretionary involve acts requiring personal deliberation, decision, and judgment on the part of the officer or employee. *Id.* A state officer or employee who "is required to pass on facts and determine his actions by the facts found" is performing duties that are "quasi-judicial" in nature and are discretionary. *Torres*, 380 S.W.2d at 33–34. *See also Augustine v. Nusom*, 671 S.W.2d 112, 115 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (state employees that gather facts and act, perform discretionary duties). The distinction between these two categories is often one of degree, since any official act that is ministerial will still require the actor to use some discretion in its performance. *Baker*, 621 S.W.2d at 645.

Appellant was required by law to perform her duties as a personnel director and test the applicants for the Sheriff's Academy. The decisions about implementing the test, assisting the applicants, evaluating the applicant's performance, and choosing those applicants to be admitted to the Sheriff's Academy, however, are all discretionary in nature. *See Carpenter*, 797 S.W.2d at 102. Appellant's duties re-

quire her to use her judgment and personal deliberation in making employment decisions. Her duties are not set out by law "with such precision and certainty" that she is unable to exercise her own judgment or discretion in carrying them out. *Id.* at 101. Appellant could have simply decided not to assist Gonzales in performing this portion of the test, or she could have waited and had one of the other assistants help Gonzales reach the ladder, or she simply could have allowed Gonzales to skip that portion of the test. Imposing liability on appellant for performing in good faith her discretionary duties while acting within the scope of her employment, would cause other personnel employees to be reluctant to make employment decisions and carry out their duties. Such a result would be in direct contravention with the purpose of quasi-judicial immunity.

Appellant is protected by qualified immunity as a matter of law and is not liable to Gonzales for any negligent acts. *See Id.* at 102. Therefore, the trial court was in error when it refused to grant her motion for summary judgment. Appellant's first and second points of error are sustained. We reverse and render judgment for appellant.