CITY OF HOUSTON, R.M. Zumwalt, and C.W. Stivers, Appellants,

v.

Charles NEWSOM, Appellee.

No. C14–92–01215–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1993.

**16**

Andrea Chan, Houston, for appellants.

Randy L. Wooten, Houston, for appellee.

Before ROBERTSON and CANNON, JJ., and ROBERT E. MORSE, Jr., J., sitting by designation.

## OPINION

ROBERTSON, Justice.

Appellants, City of Houston, R.M. Zumwalt, and C.W. Stivers appeal an interlocutory order denying their motion for summary judgment based on official immunity of the officers. We have jurisdiction over this interlocutory appeal pursuant to § 51.-014(5) of the Texas Civil Practices an Remedies Code. Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1993); *see City of Houston v. Kilburn*, 849 S.W.2d 810 (Tex. 1993) (per curiam). In one point of error, appellants' contend the trial court erred as a matter of law in denying their motion for summary judgment based on official immunity. We reverse and render.

The following facts are undisputed. On January 22, 1992, Officer Stivers received information that a wanted felon, Minh Dang Nguyen, would be at a Houston fitness club at approximately 4:30 p.m. The officer was told that Nguyen would be driving a stolen white Toyota Celica, and that he would be in possession of a .38 revolver. Officer Stivers, Sergeant Zumwalt and other members of the Westside Tactical Unit set up surveillance at the fitness center.

During the surveillance, the officers spotted Nguyen, along with a passenger, entering the parking lot in a white Toyota. The officers identified themselves as police and attempted to apprehend both Nguyen and his passenger. The police quickly subdued the passenger as he exited the car, however, Nguyen ran across the parking lot. The officers saw that Nguyen had a gun and again ordered him to stop. Nguyen looked over his shoulder and pointed his gun toward the officers as he ran. Sergeant Zumwalt, in fear for his life, discharged his gun three times. Officer Stivers also discharged his gun once. At some point Nguyen dropped his gun but continued to run away.

Officer Stivers caught Nguyen in a stairwell inside the fitness club. Nguyen tried to escape and in doing so caused Officer Stiver's gun to discharge accidently. Sergeant Zumwalt noticed Nguyen had been injured and requested an ambulance.

Sergeant Zumwalt then learned that a bystander, Charles Newsom, appellee, had been injured by a stray bullet. An additional ambulance was requested. Newsom sustained an injury to his elbow. Newsom brought suit against appellants to recover damages sustained by him when he was struck by the stray bullet. Newsom alleges that the officers acted in a negligent manner, and by their failure to exercise ordinary care under the circumstances, proximately caused his injuries. He alleges the city was negligent through its employees and that this negligence was also a proximate cause of the incident and the injuries he sustained.

The city and the two officers moved for summary judgment based on the qualified immunity of the officers, the city's governmental immunity based on the officer's qualified immunity, and the non-existence of a cause of action under the Texas Tort Claim Act. *See* Tex.Civ.Prac. & Rem.Code

ANN. §§ 101.021, 101.055, 101.056 (Vernon 1986 and Supp.1992). The trial court denied appellants' motion.

 In a review of a summary judgment, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); TEX. R.CIV.P. 166a. The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792 (Tex.1987). A motion for summary judgment based on an affirmative defense requires the movant prove conclusively all elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

 Officer Stivers and Sergeant Zumwalt based their motion for summary judgment on the doctrine of qualified or official immunity. The city based its immunity on that of the officers. Employees of governmental entities are not subject to the waiver of immunity provided by the Texas Tort Claim Act to the extent that individual immunity from a tort claim exists. TEX.CIV.PRAC. & REM.CODE ANN. § 101.-026 (Vernon 1986). Government officials have a common-law immunity from personal liability while performing discretionary duties in good faith within the scope of their authority. *Travis v. City of Mesquite*, 830 S.W.2d 94, 102–05 (Tex.1992) (Cornyn, J., concurring); *Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425, 427 (1954); *Esparza v. Diaz*, 802 S.W.2d 772, 778 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied). The granting of official immunity evolved out of a public policy that encourages public officers to carry out their duties without fear of personal liability. *Carpenter*, 797 S.W.2d at 101. Peace officers are protected by official immunity. *Id.* Justice Cornyn, in *Travis*, stated:

> [n]owhere else in public service is official immunity more appropriate or necessary than in police work. In their routine work, police officers must be free to make split-second judgments in good faith based on their experience and training, without fear of personal liability. To hold otherwise "would likely cause other peace officers under similar circumstances to flinch from acting because of fear of liability." "Creating that potential does not serve the public interest." Were there no immunity from personal liability under such circumstances, "the prudent would be reluctant to enter governmental service and even competent persons who entered public life would not be zealous in discharging their duties."

*Travis*, 830 S.W.2d at 103 (citations omitted).

 Neither side disputes that the officers were performing discretionary duties within the scope of their authority. Both appellants and appellee focus on whether the officers performed these duties in good faith. Justice Cornyn, in his concurring opinion in *Travis*, gave a detailed analysis of what a party claiming immunity must prove to support a finding of good faith. *Travis*, 830 S.W.2d at 103–04. Justice Cornyn stated:

> a proper resolution of the good faith element in the affirmative defense of official immunity requires an inquiry into the permissible intentions of the police officer and the reasonableness of the officer's actions in light of the risk of harm to the public.

> \* \* \* \* \* \*

> ... an officer fails to act in "good faith" if:

> (1) the officer knows that a clear risk of harm to the public in continuing the pursuit substantially outweighs the need to immediately apprehend the suspect (the subjective element); or

> (2) a reasonably prudent police officer, under the same or similar circumstances, would know that the clear risk of harm

to the public in continuing the pursuit substantially outweighs the need to immediately apprehend the suspect (the objective element).

*Id.* at 104. A plaintiff must defeat one or more of the elements of the affirmative defense of official immunity once the defendant establishes a prima facie case for its application. *Id.* While Justice Cornyn's opinion focused on police automobile chases, we feel that these standards should also apply to police shooting cases.

■ The officers contend that they met both standards set forth in *Travis.* Both officers stated in affidavits that their actions were taken in good faith. Both officers knew that Nguyen was a known felon and was probably in possession of a weapon. When the officers attempted to arrest Nguyen, he fled. The officers again ordered Nguyen to stop, but instead, he looked over his shoulder and pointed a gun at the officers. Fearing for their lives, both officers discharged their weapons. In their affidavits, both officers stated that these actions were in accordance with the policies and procedures of the Houston Police Department and done in compliance with the laws of the State of Texas. The officers were reacting to an emergency situation. The officers did not discharge their weapons merely to apprehend the suspect, but did so in fear of their own lives. Their affidavits established their subjective belief that they acted in good faith.

■ The affidavit of each officer also establishes the objective good faith belief of the other. In addition, the affidavit of Assistant Chief Shane provides evidence of the officers' objective good faith. Chief Shane stated that he was a member of the Shooting Review Board for the Houston Police Department. He stated that in his expert opinion, the actions taken by the officers were done in good faith and in compliance with department policy and were lawful and proper. His affidavit supports a finding that a reasonably prudent officer in the same or similar circumstances would have taken the same actions.

■ Appellee relies solely on his affidavit to defeat a finding that the officers acted in good faith. The pertinent part of his affidavit states:

On January 22, 1990, I was leaving CHARLIE'S CLUB with VERNON KARST around 4:15 PM. As we approached the parking lot, I heard a lot of noise coming from the north end of the parking lot. I heard tires screech and looked up to see several people jumping out of cars with guns drawn. The fugitive had a gun, but he dropped it well before he got to the spot in the parking lot where I was. VERNON KARST and I ran for cover behind some parked cars. I was hit by a bullet in my left elbow, before I could get behind the cars. Thereafter, the fugitive ran by me WITHOUT his gun.

In his brief to this court, appellee contends that his affidavit establishes the officers were not acting in good faith because of his claims that the fugitive dropped his gun well before the fugitive reached the spot in the parking lot where appellee was crossing the lot. However, appellee's affidavit does not establish when Nguyen dropped the weapon in relation to when the officers discharged their weapons. The officers also stated Nguyen dropped his gun. Appellee's affidavit does not state that Nguyen dropped the gun before the officers began to fire or that the officers saw him drop the gun before they fired. He states that he saw appellee drop the gun well before he got to where he was located. This does not contradict the affidavits of the officers that they began to fire when Nguyen pointed a gun in their direction.

■ Appellee also contends that his affidavit establishes that he was in the parking lot at the time of the incident and it calls into question why the officers did not see him and recognize the risk of harm to the public. The officers, in their affidavits, stated that the suspect was the only person in their view when their weapons were discharged. Subjectively, they acted in good faith based on their perception of the scene. Appellee's affidavit did not establish that he was in view of the officers. In fact his affidavit shows that Nguyen was a good distance from him when he dropped

the gun. The officers stated they began to fire before he dropped his gun. Nguyen continued to run and both sides agree he dropped his gun. Since he did not establish when he might have come into the officers' view, he did not show that a reasonably prudent officer would have acted differently or even that a *clear* risk of harm to the public existed. Appellee failed to controvert the only contested element of official immunity, good faith; therefore, the trial court erred as a matter of law in denying the officers' motion for summary judgment.

The trial court also erred in its failure to grant summary judgment in favor of the city. Because the officers were protected by official immunity, the city was also protected. If an employee is protected from liability under the doctrine of official immunity, then the governmental entity's sovereign immunity remains intact. *Kilburn*, 849 S.W.2d at 812; *Carpenter*, 797 S.W.2d at 102; *Wyse v. Department of Public Safety*, 733 S.W.2d 224, 227–28 (Tex.App.—Waco 1986, writ ref'd n.r.e.). The appellants' sole point of error is sustained.

The order of the trial court denying summary judgment is reversed and judgment is rendered in favor of appellants.