**Sally A. GOODE, Appellant,**

v.

**Wayne MAZY d/b/a ETEX Auctioneers, Appellee.**

No. 12–95–00012–CV.

Court of Appeals of Texas, Tyler.

April 30, 1996.

Steven Stark, Athens, Kenneth Raney, Tyler, for appellant.

Robert Ray, for appellee.

HOLCOMB, Justice.

This is an appeal from a summary judgment. Sally A. Goode ("Goode") filed a declaratory judgment action against Wayne Mazy d/b/a ETEX Auctioneers ("Mazy") and John Bozeman ("Bozeman") seeking a declaration that she was the owner and entitled to possession of certain antiques and other personal property (the "inventory"). The trial court rendered summary judgment in favor of Mazy and severed Goode's claim against Bozeman. In her sole point of error, Goode claims that the court erred in granting summary judgment. We will reverse and remand to the trial court for further proceedings.

Goode operated an antique store in Athens, Texas. In May of 1993, Goode contacted Bozeman, who operated a similar store in Crockett, Texas, and agreed to purchase all of the inventory from his store. A dispute between Goode and Bozeman arose as to the nature of their agreement. According to Goode, she paid Bozeman $15,000 and agreed that she would pay the balance due and would pick up the property when he furnished invoices to her documenting his actual cost. According to Bozeman, Goode agreed to pay him a total of $38,000 without reference to his actual cost. The dispute as to the balance due, or the manner in which the balance was to be paid, continued between the parties for several months.

After consulting an attorney, Bozeman claimed that he placed a lien on the inventory for storage fees and repair work that he had done. In August of 1993, Bozeman sent a certified letter to Goode giving notice that he would foreclose his lien and would put the inventory up for sale if she did not complete the transaction. Receiving no response to his letter, Bozeman purported to foreclose his lien.

In November or December of 1993, Mazy, an auctioneer and antique dealer, purchased the inventory from Bozeman for $16,500. Subsequently, Mazy advertised that the inventory would be sold at an auction in Tyler. When Goode discovered that Bozeman had sold the inventory to Mazy, she sued both Bozeman and Mazy.

In her First Amended Original Petition, Goode alleged that she was entitled to a declaration that she owned and was entitled to possession of the inventory. Goode set forth two theories supporting her ownership of the inventory. First, Goode alleged that she bought the inventory from Bozeman in May of 1993, and Bozeman failed to deliver the inventory. Therefore, Bozeman had no interest in the inventory to transfer to Mazy. Second, Goode claimed in the alternative that the sale of the inventory by Bozeman to Mazy was a fraudulent transfer, and therefore, voidable as to Goode, Bozeman's creditor within the meaning of the fraudulent transfer act. If Goode successfully proved either theory of ownership, she would have been entitled to a judgment declaring her ownership of the inventory.

Mazy moved for summary judgment, alleging he was entitled to judgment as a matter of law because the uncontradicted summary judgment evidence established the absence of elements of Goode's cause of action. In his motion, Mazy addressed both of Goode's bases for ownership of the inventory. With regard to Goode's theory that Bozeman sold her the inventory and therefore had no interest to sell Mazy, Mazy alleged that Bozeman foreclosed a warehouseman's lien on the inventory and properly sold the inventory to Mazy. Addressing Goode's claim that the sale from Bozeman to Mazy was voidable as a fraudulent transfer, Mazy asserted that the transfer was not voidable against him as a person who bought the inventory in good faith and for a reasonably equivalent value.

In her response to Mazy's motion for summary judgment, Goode objected to Mazy's failure to set forth specific grounds in his motion and objected that the affidavits attached to his motion were not probative because they were from interested witnesses and were not based upon personal knowledge. She also alleged that she was the owner of the property and supported her allegations with an affidavit. Mazy did not challenge the sufficiency, the form, or the probative value of Goode's affidavit.

On September 26, 1994, the trial court rendered Partial Summary Judgment, stating that "Plaintiff, Sally A. Goode, take nothing from Defendant Wayne Mazy, and the agreed temporary injunction is hereby dissolved." Thereafter, the court rendered an Order for Severance of Actions severing Goode's claims against Bozeman from her claims against Mazy. Goode appeals from the court's summary judgment order.

█ The standard for reviewing a summary judgment is well established. The purpose of the summary judgment rule is to provide a method of summarily ending a case that involves only a question of law or no genuine issue of fact. *Cook v. Brundidge, Fountain, Elliott and Churchill,* 533 S.W.2d 751, 759 (Tex.1976); *Gaines v. Hamman,* 358 S.W.2d 557, 563 (Tex.1962); *Port Distrib.*

*Corp. v. Fritz Chem. Co.,* 775 S.W.2d 669, 670 (Tex.App.—Dallas 1989, writ dism'd by agr.). "This Court will affirm a summary judgment only if the record establishes that the movant has conclusively proved, as a matter of law, all the essential elements of its cause of action or defense." *First USA Management, Inc. v. Esmond,* 911 S.W.2d 100, 103 (Tex. App.—Dallas 1995, n.w.h.). "The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990). In deciding whether a disputed material fact issue exists, we take the evidence favorable to the non-movant as true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in favor of the non-movant. *See Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *see also City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Hoover v. Gregory,* 835 S.W.2d 668, 671 (Tex.App.—Dallas 1992, writ denied).

■ To be entitled to a summary judgment, a defendant is required to negate at least one essential element of each pleaded cause of action or otherwise show that the plaintiff could not succeed on any theory pleaded. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975); *see also Ervin v. James,* 874 S.W.2d 713, 715 (Tex. App.—Houston [14th Dist.] 1994, writ denied). The movant must establish that it is entitled to summary judgment on the issues expressly presented to the trial court; therefore, the court cannot grant a summary judgment on a cause of action not specifically addressed in the motion. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). When a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from such order must show that each of the independent grounds alleged in the motion is insufficient to support the order. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

Supporting and opposing affidavits must be made on personal knowledge and set forth facts which would be admissible in evidence. TEX.R.CIV.P. 166a(f). "Statements in an affidavit which are mere conclusions or which represent the affiant's opinion are insufficient. The affidavit must set forth facts, not legal conclusions." *Cuellar v. City of San Antonio,* 821 S.W.2d 250, 252 (Tex.App.—San Antonio 1991, writ denied).

■ In her sole point of error, Goode contends that the court erred in granting Mazy's motion for summary judgment. Specifically, Goode argues that Mazy's motion was deficient because it failed to state the grounds for the motion, failed to negate any element of her causes of action, and failed to conclusively establish an affirmative defense.

Mazy argues that Goode's only claim against him was that Mazy bought the inventory in a bulk transfer, and that such transfer was made with actual intent to hinder, delay or defraud a creditor. We do not agree.

Goode's claim against Mazy was twofold. First, Goode sought the court to declare that she was the owner of the inventory pursuant to Sections 37.002 through 37.007. TEX.CIV. PRAC. & REM.CODE ANN. §§ 37.002–37.007 (Vernon 1986). In the alternative, Goode sought the court to declare that she was a creditor of Bozeman, and that Bozeman transferred the inventory to Mazy with intent to hinder, delay or defraud Goode.

In his motion for summary judgment, Mazy broadly alleged that the uncontradicted summary judgment evidence established the absence of the elements of Goode's cause of action against him. Mazy stated that he purchased the property from Bozeman "in good faith, for a fair price and without knowledge of any intent by Bozeman to hinder, delay or defraud Goode, as ... alleged in Goode's pleadings." In support of his motion, Mazy attached excerpts from the depositions of Bozeman and Goode. Mazy also attached the following affidavit wherein he outlined what he understood to be the dispute between Goode and Bozeman:

My knowledge of [the dispute between Goode and Bozeman] is irrelevant because

if I had been fully aware of the facts, I would have known that the items in question, even if subject to a claim of Goode, had a lien foreclosed on them and the property taken back by Bozeman. Also, I was not aware of Bozeman's intent, if any, to hinder, delay and defraud Goode.

Furthermore, at the time of the transaction between Bozeman and I, the amount paid by me, $16,500.00, was reasonably equivalent in value to the property obtained by me. At the time of the transfer, Bozeman was financially sound and was not engaged in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction. Additionally, Bozeman did not incur nor believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due. Bozeman was not insolvent at the time, nor did he become insolvent as a result of the transfer. In fact, he was paid the sum of $16,500 from me. Before the transaction between I and Bozeman, I and Bozeman had no other transactions contemplated. They were not in business together. Neither owed the other one any debt and neither was insolvent at the time.... The transaction was not hidden from anyone as the auction was fairly advertised throughout this part of the country.

I bought the items in good faith, for a fair price and without knowledge of any intent by Bozeman to hinder, delay or defraud Goode, as so alleged in Goode's pleadings nor did I intend to hinder, delay or defraud Goode. This dispute is between Bozeman and Goode. It does not concern me.

Mazy concludes that, because he bought Bozeman's inventory in good faith and because Goode admitted in her deposition that she did not know of any facts that Mazy

intended to defraud, hinder or delay her, he is entitled to judgment as a matter of law.

Mazy's motion for summary judgment failed to adequately address Goode's claim of ownership in the inventory. Mazy's affidavit offered Mazy's own legal conclusion that Bozeman placed liens on the inventory and foreclosed such liens. However, such conclusions are not probative evidence that Bozeman's alleged foreclosure was a proper transfer of title.[1] Goode's affidavit set forth facts demonstrating her ownership of the inventory, and Mazy did not challenge the sufficiency, the form, or the probative value of her affidavit.

Because Mazy's summary judgment affidavit does not conclusively negate Goode's ownership of the inventory, we hold that genuine issues of material fact exist.[2] Therefore, we hold that the trial court erred in granting summary judgment in favor of Mazy. Accordingly, we sustain Goode's point of error and we reverse the summary judgment and remand this case to the trial court for further proceedings.

---

**1.** In his deposition, Bozeman testified that he had informed Mazy of Goode's claim to the inventory. In his motion for summary judgment, Mazy maintained that Goode's claim to the inventory was invalid because of Bozeman's foreclosure of her interest. However, neither Bozeman nor Mazy alleged specific facts regarding Bozeman's foreclosure. Mazy's summary judgment evidence did not include any documentation of Bozeman's purported foreclosure.

**2.** Because we have determined that genuine issues of material fact exist, we do not reach the questions of whether Bozeman's transfer of inventory to Mazy was fraudulent or whether Mazy conclusively proved an affirmative defense.