OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

September 20, 2001

The Honorable Virginia K. Treadwell
McCulloch County Attorney
Courthouse, Room 302
Brady, Texas 76825

Opinion No. JC-0414

Re: Whether a county commissioners court is required to provide health insurance for a constable (RQ-0384-JC)

Dear Ms. Treadwell:

You ask whether McCulloch County must provide health insurance for the county constable, an elected official. McCulloch County provides health insurance to full-time officials and employees, who serve the county at least 120 hours a month, but does not provide it to part-time and temporary officials and employees. Assuming that the McCulloch County Commissioners Court has reasonably determined on the basis of his constitutional and statutory duties that the constable is a part-time official, it is not required to provide him with health insurance.

McCulloch County has a single justice and constable precinct. *See* TEXAS STATE DIRECTORY 396-97 (44th ed. 2001); *see also* TEX. CONST. art. V, § 18. You state that the commissioners court provides health insurance for all elected officials except for the constable of the county-wide precinct.[1] You inform us that the present constable has requested McCulloch County to provide him with health insurance, and you ask whether the county is required to do so.[2]

A county has statutory authority to provide health insurance to county officers and employees, including a constable. Article 3.51-2 of the Insurance Code provides that a county may acquire "contracts insuring its officials, employees, and retirees or any class or classes thereof under a policy or policies of group life, group health, . . . and hospital, surgical, and/or medical expense insurance." TEX. INS. CODE ANN. art. 3.51-2(a) (Vernon Supp. 2001). Section 157.001 of the Local Government Code authorizes the commissioners court of a county to "provide hospitalization insurance to a county official, deputy, assistant, or other county employee." TEX. LOC. GOV'T CODE ANN. § 157.001 (Vernon 1999). In addition, "[t]he commissioners court by rule may provide for

---

[1]Letter from Honorable Ginger K. Treadwell, McCulloch County Attorney, to Honorable John Cornyn, Texas Attorney General (March 7, 2001) (on file with Opinion Committee).

[2]*Id.*

medical care and hospitalization" for county and district officers if their salaries are paid from the funds of the county. *Id.* § 157.002. *See also id.* § 172.004 (Vernon 1999) (county may establish a risk pool to provide health coverage for county officers, employees, retirees, and their dependants).

None of these provisions require the commissioners court to provide health insurance coverage to county officers or employees, or to particular classes of officers or employees. In fact, article 3.51-2 of the Insurance Code expressly authorizes a county to insure "its officials, employees, and retirees *or any class or classes thereof.*" TEX. INS. CODE ANN. art. 3.51-2(a) (Vernon Supp. 2001) (emphasis added). The commissioners court has discretion under these statutes to establish reasonable terms and conditions of health insurance coverage for county officers and employees, subject to judicial review for abuse of discretion. *See* Tex. Att'y Gen. Op. No. DM-337 (1995) at 5; LO-95-056, at 2 (authority of commissioners court to provide insurance benefits to county officers and employees). *See generally Ector County v. Stringer*, 843 S.W.2d 477, 479-80 (Tex. 1992) (discretion of commissioners court in setting constable's salaries).

McCulloch County has contracted with an insurance company to provide health insurance for county officers and employees. The plan in force provides that "[a]ll active full-time Employees working 120 hours per month are eligible to apply for insurance, and that "[p]art-time and seasonal Employees are not eligible for insurance." Contract with West Texas Ass'n of Counties, at 5. County officers are covered as employees by this contract. Telephone Conversation with Honorable Ginger K. Treadwell, McCulloch County Attorney (July 10, 2001).

Although a constable is in a sense on duty at all times insofar as he or she has a duty to preserve the peace within his or her jurisdiction, *see* TEX. CODE CRIM. PROC. ANN. art. 2.13(a) (Vernon Supp. 2001); Tex. Att'y Gen. Op. Nos. JM-765 (1987) at 3; JM-140 (1984) at 6, the law distinguishes between a constable's on-duty and off-duty time for certain purposes. *See* TEX. CONST. art. III, § 52e (county may pay medical expenses for sheriffs, constables, and other county and precinct law enforcement officials injured in the course of their official duties); *Ervin v. James*, 874 S.W.2d 713, 716 (Tex. App.–Houston [14th Dist.], 1994 writ denied) (to prove affirmative defense of qualified official immunity, deputy constables had to establish, among other things, that they were on-duty at time of alleged assault). The legislature has limited participation in the Texas County and District Retirement System ("the TCDRS") to local officers and employees who provide a certain number of hours of service to the political subdivision each year. The statute establishing TCDRS defines "employee" as

> a person, other than a temporary employee, who is certified by a subdivision as being employed in, or elected or appointed to, a position or office in the subdivision that normally requires services from the person for *not less than 900 hours a year* and for which the person is compensated by the subdivision.

TEX. GOV'T CODE ANN. § 841.001(6) (Vernon 1994 & Supp. 2001) (emphasis added). *See id.* § 842.101 (a person must be an employee of a political subdivision to become a member of the retirement system). The actual number of on-duty hours is relevant to determining whether a constable is eligible for membership in the Texas County and District Retirement System, and we believe the commissioners court may make reasonable decisions as to the number of on-duty hours that an elected officer must serve to be eligible for county health insurance.

You state that the constable's position involves little or no work and that he is not eligible to participate in the TCDRS because of the required service of 900 hours per year.[3] His salary has been set at $1,273 a year, in contrast to the $24,000 or more earned by other elected county officers.[4] The county has determined that the constable serves fewer than 75 hours per month on average and is not a full-time employee working 120 hours a month within the eligibility provision of the county's insurance policy. Presumably you have concluded that the constable is a part-time employee, who is ineligible for health insurance under the terms of the policy.

Assuming that you have correctly determined that the constable does not serve enough hours to be eligible for health insurance under the county's policy, the county is not required to provide such insurance. The number of hours that the constable serves is a question of fact to be answered by the commissioners court in the exercise of reasonable discretion, subject to judicial review for abuse of discretion. *See generally* Tex. Att'y Gen. Op. No. JC-0389 (2001) at 5. It cannot be answered in the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0328 (2000) at 6; JC-0152 (1999) at 12; JC-0020 at 2; DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3.

However, your decision as to the hours served must be a reasonable decision, based on the correct legal standard for determining the constable's duties. The commissioners court may not "attempt to restrict or abolish a constitutionally established office by refusing to reasonably compensate the holder of such office," nor may it "attempt to abolish or restrict the office of constable by refusing to allow or by preventing the elected official from performing those duties required of him." *Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417, 422 (Tex. App.–San Antonio, 1986, writ ref'd n.r.e.); *see* Tex. Att'y Gen. Op. No. JC-0389 (2001) at 4. A constable's salary must reflect his or her statutory and constitutional duties, including the duty to serve process, even though that duty may actually be performed by the sheriff's office. *See* Tex. Att'y Gen. Op. No. JC-0389 (2001) at 4 (citing *Vondy,* 714 S.W.2d at 425); *see also* TEX. LOC. GOV'T CODE ANN. §§ 85.021(a), 86.021 (Vernon Supp. 2001) (sheriff and constable shall execute and return process that is directed to the constable or sheriff by a lawful officer); TEX. R. CIV. P. 15 (Vernon 1979) (writs and process shall be directed to any sheriff or constable within the state); Tex. Att'y Gen. Op.

---

[3]Brief from Honorable Ginger K. Treadwell, McCulloch County Attorney, to Honorable John Cornyn, Texas Attorney General (May 16, 2001) (on file with Opinion Committee).

[4]*Id.*

No. H-595 (1975) (sheriff does not have exclusive authority to execute process). Assuming that the McCulloch County Commissioners Court has applied the correct legal standard and has reasonably determined that the constable is a part-time official, it is not required nor allowed by the terms of the county's policy to provide him health insurance.

## S U M M A R Y

McCulloch County provides health insurance to full-time officials and employees who serve the county at least 120 hours a month, but the county does not provide it to part-time and temporary officials and employees. Assuming that the McCulloch County Commissioners Court has reasonably determined on the basis of the constable's constitutional and statutory duties that the constable serves the county part time, it is not required to provide him with health insurance.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee