Mike **HOLDER, et al., Appellants,**

v.

Roberta **PORTER, et al., Appellees.**

No. 10–92–226–CV.

Court of Appeals of Texas, Waco.

Jan. 6, 1993.

Andy McSwain, John A. Stephens, Fulbright, Winniford, Bice and Marable, Waco, for appellants.

James C. Harrington, Texas Civil Rights Project, Kerry McGrath, Clark, Thomas, Winters & Newton, Austin, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Robinson Mayor Billy Simons, Robinson Chief of Police Mike Holder, and Robinson City Administrator Curtis McLemore appeal the denial of their motion for a summary judgment. A special provision makes the denial of their motion for a summary judgment appealable. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp. 1993). In a single point of error, they allege that the court erred by denying their motion because the evidence conclusively proved that they were entitled to official immunity to any and all claims against them. We affirm.

In April 1991 the Porters, along with a Robinson police officer, Richard DePriest, designed and sold a t-shirt relating to the City of Robinson. The shirt lists a number of Robinson organizations and proclaims, "Robinson, Texas and Proud of it!!!" It also features a drawing of persons scuffling in a cloud of dust and the words "No Tax—Potholes."

Upon learning of the contents of the shirt and that some of the organizations may not have authorized the use of their names and logos, Holder, Simons, and McLemore met to discuss the situation and to determine what action to take. They decided to investigate the matter and instructed DePriest to halt his sale of the shirts until the investigation was completed. They also told DePriest to make sure the Porters removed all of their t-shirts on sale at MG's Texaco. Approximately two weeks later the investigation was completed, and Guy Cox, the Robinson City Attorney, informed DePriest that he could resume the sale of the shirts.

The Porters brought suit for declaratory, injunctive, and monetary relief under the free-speech provisions of the Texas Bill of Rights, challenging the appellants' denial of those rights by prohibiting the sale of the t-shirts. They also claim a violation of their due-course-of-law rights because their property was seized without constitutionally required process of law.

## OFFICIAL IMMUNITY

■ The Appellants are appealing the denial of their motion for summary judgment because they were conclusively entitled to official immunity. Under the doctrine of official immunity, to be entitled to a summary judgment the officials must establish as a matter of law that: (1) the position they hold has a quasi-judicial function; (2) they were exercising quasi-judicial authority of a discretionary nature; and (3) they were acting in good faith within the scope of that authority. *Austin v. Hale,* 711 S.W.2d 64, 66 (Tex.App.—Waco, 1986, no writ).

## SUMMARY JUDGMENT

The standards for reviewing a motion for summary judgment that has been *granted* are well established. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex. 1985). They are:

● The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

● In deciding whether there is a disputed material fact issue precluding summary

judgment, evidence favorable to the non-movant will be taken as true.

● Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Id.* at 548–49. Although we are reviewing the *denial* of a motion for summary judgment, we apply these standards of review.

## ANALYSIS

■ Although the appellants assert in their affidavits that they acted in good faith and within the scope of their authority, the Porters assert in an affidavit attached to their response that they were instructed to stop selling the t-shirts in Robinson and to remove the shirts from MG's Texaco station. This raised an inference that the appellants were not acting within their authority and, if so, raised a fact issue of whether they were acting in good faith. *See Austin,* 711 S.W.2d at 66. Because this evidence is favorable to the non-movant we must accept it as true. *See Nixon,* 690 S.W.2d at 548–49. Thus, a material fact issue exists that precludes the granting of a summary judgment on the basis of official immunity. *See id.* We overrule the point of error.

We affirm the denial of the summary judgment.