Antonio GARZA, et al., Appellants,

v.

**Paul Harvey SMITH, Appellee.**

No. 13–93–009–CV.

Court of Appeals of Texas, Corpus Christi.

July 29, 1993.

---

Richard L. Bilbie, Asst. County Atty., Luis V. Saenz, County (Criminal Dist.) Atty., C. Douglas Wright, Asst. Dist. Atty., Cameron County Courthouse, Brownsville, for appellants.

Yolanda L. Garza, San Benito, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The issue presented by this appeal is whether appellants in their individual capacities are entitled to qualified immunity. Appellee, Paul Harvey Smith, sued Cameron County and appellants, both individually and in their official capacities, alleging that appellants erroneously and negligently entered another man's record of arrest and indictment for theft under Smith's name. Smith claims that the arrest and indictment refer to a different Paul Smith who is much older. Although the indictment against the other man was later dismissed, Smith's own record still shows an arrest warrant for felony theft. He further claims that appellants forwarded the erroneous information to the National Crime Information Center in Washington, D.C. and the Texas Crime Information Center in Austin, Texas. Smith alleges that appellants failed to search the records to determine if, in fact, a mistake existed, and they failed to correct the information or remove it from his record after he told them of the error. He contends that appellants' acts and omissions damaged his reputation, invaded his privacy, caused him mental anguish, and caused him to be rejected for employment positions.

Appellants deny that the actions alleged ever took place. By two points of error, they claim that the trial court erred in denying their motion for summary judgment and that

they are entitled to qualified and prosecutorial immunity.

Ordinarily, the denial of a motion for summary judgment is an interlocutory order which cannot be appealed. The Texas Civil Practice and Remedies Code[1] specifically allows appeal from an interlocutory order denying a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of a political subdivision of the state. *See City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993). Thus, this court may hear the appeal.

Government officers have a common-law immunity from personal liability in performing discretionary duties in good faith within the scope of their authority. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 n. 2, 102–03 (Tex.1992) (Cornyn, J., concurring). *Edgar v. Plummer*, 845 S.W.2d 452, 453 (Tex.App.—Texarkana 1993, no writ), citing *Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425 (Tex.1954); *Austin v. Hale*, 711 S.W.2d 64, 66–68 (Tex.App.—Waco 1986, no writ). This immunity is known as qualified, official, quasi-judicial, or good faith immunity. *See Kilburn*, 849 S.W.2d at 812 n. 1. The Texas Tort Claims Act preserves this individual immunity. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.026 (Vernon 1986). Appellants contend that they are entitled to summary judgment based upon qualified immunity because Smith did not allege any facts or make any claims that appellants acted willfully or maliciously. We disagree with appellants for two reasons. First appellants, in effect, are attempting to obtain summary judgment on the pleadings. We believe they are not entitled to do so on the record presented. Second, we find that Smith adduced summary judgment proof which raises fact questions regarding both malice and the exact nature of appellants' actions, if they indeed acted as alleged.

As noted above, appellants' argument that Smith failed to "make any claims" of willful or malicious conduct is really an attempt to obtain summary judgment on the pleadings. Summary judgment should not be based upon a pleading defect that could be cured by amendment. *See Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex.1974); *Parras v. McLelland*, 846 S.W.2d 44, 45–46 (Tex.App.—Corpus Christi 1992, writ denied). Generally, a trial court cannot dismiss a plaintiff's entire case if the pleadings state a valid cause of action, but are vague, overbroad, or otherwise susceptible to special exceptions. *See Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex.App.—Corpus Christi 1992, no writ). Summary judgment on the pleadings is proper only if the plaintiff fails to correct a pleading defect after being given an opportunity to amend, he files a further defective pleading, or the pleading deficiency cannot be cured by amendment because the facts alleged affirmatively negate the plaintiff's cause of action. *See Herring*, 513 S.W.2d at 9.

Here, neither Smith's pleadings nor his summary judgment proof explicitly state that appellants "acted willfully and maliciously." His failure to plead "willful or malicious" acts would more properly be the subject of special exceptions. *See Brubaker v. Brookshire Mun. Water Dist.*, 808 S.W.2d 129, 133 (Tex.App.—Houston [14th Dist.] 1991, no writ); *see also Dicker v. Lomas & Nettleton Fin. Corp.*, 576 S.W.2d 672, 676 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). Although appellants did file special exceptions, they failed to specifically point out this defect in Smith's pleadings. *See* Tex.R.Civ.P. 91.

While Smith pleaded his causes of action against the County under the Tort Claims Act, generally alleging negligent misuse of property, he did indicate that appellants "knowingly" entered incorrect information in the criminal records and that when he informed them of the error, they failed to investigate or correct it. Further, Smith's affidavit states that appellants told him he would have to sue the county and that they were immune from prosecution. Smith did not plead or allege facts which affirmatively negate his cause of action. *Herring*, 513 S.W.2d at 9. Therefore, appellants are not entitled to summary judgment on the pleadings.

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1993).

Next, in order to show themselves entitled to summary judgment, appellants had to prove conclusively all the elements of their defense as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Villareal v. Martinez,* 834 S.W.2d 450, 452 (Tex. App.—Corpus Christi 1992, no writ); *Perry v. Texas A & I University,* 737 S.W.2d 106, 110 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Official immunity is an affirmative defense. *Kilburn,* 849 S.W.2d at 812 n. 1. Appellants had the burden to come forward with summary judgment evidence with respect to each element of the affirmative defense. *Holder v. Porter,* 845 S.W.2d 442, 443 (Tex.App.—Waco 1993, n.w.h.). We hold that appellants have failed to meet their summary judgment burden on the element of good faith. *See Travis,* 830 S.W.2d at 103 (on motion for summary judgment, defendant has burden of proving good faith). Appellants each filed affidavits in which they stated that they believed they were acting within the scope of their authority and in good faith at all times. A trial court may grant summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. Tex.R.Civ.P. 166a(c); *Casso,* 776 S.W.2d at 558. Under these circumstances, we believe appellants' assertions that they acted in good faith, standing alone, are not sufficient to accord them summary judgment. Subjective statements of intent regarding good faith cannot generally be "readily controverted." *See Travis,* 830 S.W.2d at 103 n. 6; *see also Casso,* 776 S.W.2d at 559 (statement that "at no time did I act with malice" was insufficient as summary judgment proof in defamation case).

Moreover, Smith controverted appellants' claim of good faith. Smith filed an affidavit in which he stated that appellants failed to correctly enter the criminal record information, and when he informed them of the error, they failed to investigate or correct it. Even after he discovered the error, Smith stated that "the Defendants did not make any attempts to clear my name." As discussed above, Smith's affidavit states that appellants told him he would have to sue the county and that they were immune from prosecution. Indulging every reasonable inference in Smith's favor, we believe these allegations raise fact issues regarding willful or malicious conduct, for which appellants would not be afforded official immunity. *Cf. Austin,* 711 S.W.2d at 68.

Since fact questions exist, appellants failed to establish all the elements of their claim to official immunity as a matter of law, and they are not entitled to summary judgment. *See Porter,* 845 S.W.2d at 444; *Gonzales v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). The trial court did not err in denying appellants' motion for summary judgment. Both of appellants' points of error are overruled.

NYE, C.J., not participating.