Roberto MURILLO, Appellant,

v.

Federico GARZA, Jr., San Juana Rosas Medrano, and Rita Maria Rodriguez, Appellees.

No. 04–94–00240–CV.

Court of Appeals of Texas, San Antonio.

July 29, 1994.

Ricardo J. Navarro, Charles H. Sierra, Denton, McKamie & Navarro, P.C., San Antonio, for appellant.

Donato Ramos, Anthony (Tony) Trevino, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, for appellees.

Before BUTTS, STONE and HARDBERGER, JJ.

BUTTS, Justice.

This is an interlocutory appeal. Roberto Murillo, the City of Laredo Traffic Engineer, appeals the denial of a motion for summary judgment based on the affirmative defense of official immunity.[1]

Scott Street in Laredo has been a designated truck route for over ten years. San Agustin crosses Scott Street one block from a traffic light. As Estefana Rosas walked across Scott Street at San Agustin, a truck hit her, and she died. Her heirs sued the City of Laredo for premise defects and sued Murillo, the Traffic Engineer, for negligence. Murillo claims in a single point that the trial court erred in denying the motion for summary judgment. We affirm.

The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that he is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management, Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. The court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Id.* at 548–49. *See* TEX.R.CIV.P. 166a; *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990).

Official immunity is an affirmative defense. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). A defendant moving for summary judgment on an affirmative defense must conclusively prove all

---

1. Section 51.014(5) provides that a person may appeal from an interlocutory order of a district court, county court at law, or county court that denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. TEX.CIV.PRACT. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1994).

elements of the defense. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991). In the present case the burden was on Murillo to establish all elements of his affirmative defense. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

### Essential Elements of Official Immunity Defense

■ Government employees in quasi-judicial positions are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Chambers*, 883 S.W.2d at 653. Thus, Murillo, to win summary judgment on his affirmative defense, had to plead and conclusively prove the stated three essential elements of official immunity.

### Discretionary Actions

■ Where the action at issue involves the exercise of discretion or judgment, it is not merely ministerial. Discretionary actions require personal deliberation, decision, and judgment, while ministerial actions require obedience to orders or performance of a duty as to which the actor is left no choice. *Wyse v. Department of Pub. Safety*, 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

■ Murillo testified in his affidavit that his studies of traffic along Scott Street did not reveal the need for additional or different traffic control devices, signs, or signals. In the summary judgment evidence, the plaintiffs rely upon the Laredo Code. The Laredo Code states that the City Traffic Director and the City Engineer are authorized, after investigation, to determine and designate which heavily travelled streets upon which to prohibit any class or kind of traffic found to be incompatible with the normal safe movement of traffic and to erect appropriate traffic control devices. We do not agree with the plaintiffs' assertion that the Laredo Code provision created a mandatory duty for Murillo to place traffic control devices at Scott and San Agustin. Both the affidavit and the Laredo Code show that Murillo could exercise discretion regarding the placement of traffic-control devices. Thus, the first essential element of the affirmative defense was conclusively established as a matter of law, and plaintiffs failed to controvert that summary judgment proof.

### Acting Within Scope of Authority

■ In addition, the summary judgment evidence of both plaintiffs and defendant establishes conclusively that Murillo performed his duties as the Traffic Engineer of Laredo, and his actions were within the scope of his official duties and authority. Therefore, the third essential element of the affirmative defense was proved conclusively.

### Good Faith

■ In the motion for summary judgment, Murillo and the City of Laredo alleged generally Murillo's good faith. The plaintiffs did not allege lack of good faith. Since the plaintiffs were nonmovants, however, they had no burden to do so or to present controverting summary judgment evidence unless the movants established the element of good faith. *See Torres v. Western Cas. & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970).

Murillo's brief on appeal states that the plaintiffs failed to present summary judgment evidence of "bad faith," and the record of plaintiffs' pleadings and summary judgment evidence does not show "bad faith." Murillo states, "They do not reflect any bad faith conduct that would overcome the defense of official immunity." That may well be so. However, we stress that the movant, Murillo, bore the burden to present summary judgment evidence of the essential element of good faith. Since Murillo did not do that, the burden never shifted to plaintiffs to show evidence of bad faith. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) (Failure to respond cannot supply by default the proof necessary to establish the movant's right.).

The motion for summary judgment alleges only: "Since Mr. Murillo acted in good faith, he may not be held liable to Plaintiffs for his official acts." That raises the issue of good faith in the motion. But a summary judgment requires proof. A simple allegation in

Murillo's attached affidavit, without specifically mentioning "good faith," states only that no claim had ever been made that the intersection was dangerous, that he was acting within the course and scope of his duties, and makes the conclusory statement that "[m]y studies of traffic along Scott Street did not reveal the need for additional or different control devices, designs or signals." Murillo attached no evidence of studies made by him, his associates or other traffic experts to show that he acted in good faith.[2] The movants offered no summary judgment evidence of any supporting facts. This would be necessary to prove the element of good faith.[3]

### Test for Good Faith

In the past Texas courts have tended to gloss over the element of good faith or improperly shift the burden of proof to the defendant to prove bad faith. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 103–04 (Tex.1992) (J. Cornyn, concurring opinion) (test for "good faith" as an element of official immunity should contain both objective and subjective elements, requiring inquiry into the permissible intentions of the actor and the reasonableness of his actions in light of the risk of harm to the public).

Recognizing the difficulty in applying this standard, the supreme court recently adopted a different test in *Chambers.* Although the *Chambers* case reviewed the actions of police officers and whether they acted in good faith, we acknowledge the same standard applies in all qualified or official immunity cases.

Therefore, the test for good faith in the present context is whether a reasonably prudent traffic engineer, under the same or similar circumstances, could have believed the need not to add traffic controls at the subject intersection outweighed a clear risk of harm to the public in leaving the subject intersection without additional traffic controls. This is a test of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. Could the official reasonably believe his or her conduct to be sound and valid in light of clearly established traffic guidelines and the information the official possessed at the time the conduct occurred? This requires proof and not mere conclusory assertions.

To controvert summary judgment proof that conclusively establishes "good faith," the plaintiff must show that no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts. The plaintiff's controverting proof would thus raise the factual issue of the defendant's conduct being in "bad faith." Murillo's argument that it was incumbent upon the plaintiffs to make a showing of "bad faith" to overcome the bar of official immunity is not well taken. This would erroneously shift the burden to the plaintiffs to prove that the defendant acted in bad faith. *Travis v. City of Mesquite,* 830 S.W.2d at 103 (J. Cornyn, concurring).

The defendant-movant Murillo did not establish the affirmative defense element of "good faith" as a matter of law under either the previous standard or the present standard (objective test). Therefore, the defendant-movant failed to establish his right to summary judgment as a matter of law on the affirmative defense of official immunity. The trial court did not err in denying the motion for summary judgment. The point of error is overruled.

The judgment is affirmed.

---

2. Although the record contains voluminous exhibits of depositions, the motion for summary judgment contains no reference to portions of depositions supporting any element of the affirmative defense. Neither the trial court nor the appellate court must sift through depositions to find supporting evidence. *See* TEX.R.CIV.P. 166a(c), (f).

3. *See Casas v. Gilliam,* 869 S.W.2d 671, 673 (Tex.App.—San Antonio 1994, n.w.h.) for an example of summary judgment proof of the element of good faith before *Chambers.*