IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 




NO. 3-93-479-CV





RONALD E. WOLFINGTON, PAUL MIKULIN, AND CINDY PETRAS,




 APPELLANTS


vs.





DAVID MCKINZIE,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 92-10246, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 





PER CURIAM



 We withdraw our opinion of October 19, 1994, and substitute the following.

 Appellee David McKinzie brought suit in the district court of Travis County against
appellants Ronald E. Wolfington, Paul Mikulin, and Cindy Petras based on their actions after his
termination as an employee of the Lower Colorado River Authority ("LCRA"). Appellants filed
a motion for summary judgment based on the affirmative defense of qualified immunity and now
appeal the trial court's denial of their motion. We will affirm the trial-court order.

 McKinzie was employed as a fuel foreman, supervising six employees, at the
LCRA's Fayette Power Plant in La Grange. Wolfington is a fuel administrator at the plant and
supervised McKinzie; Mikulin is a shift supervisor. Petras is an employee relations representative
at the LCRA in Austin. The LCRA terminated McKinzie for an incident in which he added water
to an ice patch at the plant to enlarge the patch, slid across it in an LCRA vehicle and his vehicle,
and watched other employees slide down the hill in a Stokes bucket. Wolfington and Mikulin
investigated these alleged safety violations and submitted a report to the operations manager who
in turn submitted the report to the Operations Department Management Team which recommended
that McKinzie be terminated.

 McKinzie requested a review of his termination and a hearing to appeal the decision
not to reinstate him, pursuant to LCRA internal procedures. The committee supported the
termination decision. McKinzie asked for a second hearing; the termination was upheld a second
time. Petras moderated the two appeals committee proceedings but was not a committee member.

 McKinzie then filed suit, alleging that appellants knowingly and intentionally
prevented him from accessing LCRA internal procedures to obtain relief from the LCRA. 
Appellants moved for summary judgment based on the affirmative defense of qualified immunity. (1) 
Appellants appeal from the trial-court order denying their motion for summary judgment. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (West Supp. 1994); City of Houston v. Kilburn,
849 S.W.2d 810, 812 (Tex. 1993) (employee of a political subdivision of the state may appeal the
denial of a summary-judgment motion based on an assertion of immunity). (2)

 In one point of error, appellants contend that the trial court erred in denying their
motion for summary judgment because McKinzie did not establish that they were not entitled to
summary judgment on the basis of the defense of qualified immunity as a matter of law. 
Governmental employees are entitled to qualified or official immunity from the performance of
their (1) discretionary duties in (2) good faith as long as they are (3) acting within the range of
their authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Official
immunity is an affirmative defense. Id.; Murillo v. Garza, 881 S.W.2d 199, 200 (Tex. App.--San
Antonio 1994, no writ). Appellants, therefore, had the burden to establish all elements of the
defense. Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991); Montgomery
v. Kennedy, 669 S.W.2d 309, 310 (Tex. 1984); Murillo, 881 S.W.2d at 201. If their motion and
summary judgment proof established the right to summary judgment as a matter of law, the
burden shifted to McKinzie to raise fact issues precluding summary judgment. Ervin v. James,
874 S.W.2d 713, 715 (Tex. App.--Houston [14th Dist.] 1994, writ denied); see City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

 The standard for reviewing the denial of a summary-judgment motion is the same
as that for reviewing the grant of a motion. Ervin, 874 S.W.2d at 715. The movants have the
burden to show that no genuine issue of material fact exists and they are entitled to summary
judgment as a matter of law. In deciding whether a disputed material fact issue exists, the
appellate court takes the evidence favorable to the nonmovant as true and must indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. Tex. R. Civ. P. 166a(c);
Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 23 (Tex. 1990); Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Because we conclude that appellants' summary-judgment proof does not establish
the element of good faith as a matter of law, we address only that element of the official immunity
defense. In Chambers, which involved a high speed chase, the supreme court clarified the good
faith standard in official immunity cases. The court stated, "[A]n officer acts in good faith in a
pursuit case if: a reasonably prudent officer, under the same or similar circumstances, could have
believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to
the public in continuing the pursuit." Chambers, 883 S.W.2d at 656 (3); City of Dallas v. Half Price
Books, Records, Magazines, Inc., 883 S.W.2d 374, 377 (Tex. App.--Dallas 1994, no writ). The
Chambers standard for good faith applies in all official immunity cases. Murillo, 881 S.W.2d at
202. Accordingly, the test for good faith in the present context is whether a reasonably prudent
person in the position of Wolfington, Mikulin, or Petras, under the same or similar circumstances,
could have believed that the actions taken during the LCRA internal termination and review
process should have been taken. (4) 

 In their motion for summary judgment, appellants assert that they acted in good
faith and that "[t]he summary judgment proof raises no fact issues about [their] motives."
McKinzie responded only that affidavits in support of the motion are affidavits of interested
witnesses and are inconsistent with other summary-judgment proof. See Tex. R. Civ. P. 166a(c)
(summary judgment may be based on uncontroverted testimonial evidence of an interested witness
if evidence is "clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted"). McKinzie also contends that Dennis
L. Harsh's and appellants' affidavits are conclusive.

 Even if we consider the affidavits as sufficient summary-judgment proof, the
summary-judgment record does not establish the element of good faith as a matter of law. Other
than the applicable personnel procedures, appellants do not direct us to any summary-judgment
proof relevant to the issue of good faith. The proof contains no reference to whether a reasonably
prudent person under the same or similar circumstances could have believed that the actions
regarding McKinzie should have been taken. The proof is insufficient to establish conclusively
the element of good faith under Chambers. See Half Price Books, 883 S.W.2d at 377. We
overrule appellants' point of error.

 The order of the trial court denying appellants' motion for summary judgment on
the basis of official immunity is affirmed.


Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: December 7, 1994

Do Not Publish
1. [1] Appellants asserted two bases for summary judgment: qualified immunity and legal
justification for their actions. In this interlocutory appeal, we may consider the denial of the
motion only on the basis of qualified immunity. See Tex. Civ. Prac. & Rem. Code § 51.014(5)
(West Supp. 1994); Harris County v. Ochoa, 881 S.W.2d 884, 886 (Tex. App.--Houston [14th
Dist.] 1994, writ denied).
2. [2] The LCRA is a conservation and reclamation district created by statute and is "a
governmental agency and body politic and corporate, with the powers of government . . . ." 
Lower Colorado River Authority Act, 64th Leg., R.S., ch. 74, sec. 1, § 1, 1975 Tex. Gen. Laws
180.
3. [3]  The test derives from the standard under federal law in which "`the test is one of objective
legal reasonableness, without regard to whether the government official involved acted with
subjective good faith.'" City of Lancaster v. Chambers, 883 S.W.2d 650, 656, quoting Swint v.
City of Wadley, 5 F.3d 1435, 1441-42 (11th Cir. 1993); see Murillo v. Garza, 881 S.W.2d 199,
202 (Tex. App.--San Antonio 1994, no writ) (test for good faith is one of objective legal
reasonableness without regard to whether the governmental official involved acted with subjective
good faith).
4. [4] "To controvert summary judgment proof that conclusively establishes `good faith,' the
plaintiff must show that no reasonable person in the defendant's position could have thought the
facts were such that they justified the defendant's acts." Murillo, 881 S.W.2d at 202; see
Chambers, 883 S.W.2d at 657.