TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00231-CV







Travis County, Texas, Appellant



v.



Mary A. Trevino; Angie Torres; Mary Alice Torres; and Isidro Torres, Jr.,


Individually and as Next Friend and Natural Guardian of Christina Chavez,


Josephine Torres, and Steve Torres; and Christina Chavez and


Josephine Torres, in their Majority Capacities, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 92-16665, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Appellees (1) brought suit against Travis County d/b/a Office of the Medical Examiner
of Travis County and Roberto J. Bayardo, M.D. for damages arising from the collection and
removal of the body of Jose Angel Torres after he was struck by a pickup truck. The County
appeals from the trial court's interlocutory order denying the County's motion for summary
judgment based on the affirmative defense of official immunity. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(5) (West Supp. 1995); City of Beverly Hills v. Guevara, 38 Tex. Sup. Ct. J. 924,
925 (June 22, 1995). (2) We will reverse the trial-court order.

 In a single point of error, the County contends that the trial court erred in
overruling the motion for summary judgment based on the County's assertion of official
immunity. Official immunity protects individual governmental officials from liability; sovereign
immunity protects governmental entities from liability. DeWitt v. Harris County, 38 Tex. Sup.
Ct. J. 916, 917 (June 22, 1995); Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994); see Dillard v.
Austin Indep. Sch. Dist., 806 S.W.2d 589, 592-93 (Tex. App.--Austin 1991, writ denied)
(governmental unit is immune from liability absent constitutional or statutory provision that
waives liability). The Texas Tort Claims Act waives the County's sovereign immunity in limited
circumstances, including: "personal injury and death so caused by a condition or use of tangible
or real property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law." (3) Texas Tort Claims Act, Tex. Rev. Civ. Prac. & Rem. Code §
101.021(2) (West 1986) ("Tort Claims Act"); University of Tex. Medical Branch v. York, 871
S.W.2d 175, 177 (Tex. 1994); Texas Dep't of Human Servs. v. Benson, 893 S.W.2d 236, 239
(Tex. App.--Austin 1995, writ denied). Because Travis County addressed its motion for summary
judgment to this provision of the Tort Claims Act and because of our limited jurisdiction in this
interlocutory appeal, we consider only the official immunity defense as it relates to section
101.021(2). See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (West Supp. 1995); Cameron
County v. Alvarado, 900 S.W.2d 874, 878-79 (Tex. App.--Corpus Christi 1995, writ requested);
Harris County v. Ochoa, 881 S.W.2d 884, 886 (Tex. App.--Houston [14th Dist.] 1994, writ
denied).

 Section 101.021(2) encompasses governmental liability based on respondeat
superior for the misuse of tangible personal property other than motor-driven vehicles and
equipment. DeWitt, 38 Tex. Sup. Ct. J. at 918. Respondeat superior imposes liability on an
employer that is responsible for the acts of its employee, acting in the scope of his employment
when the employee's negligence is shown to be the proximate cause of the injury. Marange v.
Marshall, 402 S.W.2d 236, 239 (Tex. 1966). Accordingly official immunity, an affirmative
defense of the employee, is relevant to the governmental entity's liability. DeWitt, 38 Tex. Sup.
Ct. J. at 918-19; see Eakle v. Texas Dep't of Human Servs., 815 S.W.2d 869, 876 (Tex.
App.--Austin 1991, writ denied).

 Governmental employees are entitled to official immunity concerning the
performance of their discretionary duties in good faith as long as they are acting within the range
of their authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Official
immunity is an affirmative defense. Id.; Dear v. City of Irving, 902 S.W.2d 731, 737 (Tex.
App.--Austin 1995, writ requested). The County, therefore, had the burden to establish all
elements of the defense. Kassen, 887 S.W.2d at 8; Dear, 902 S.W.2d at 737. The burden shifted
to appellees to raise fact issues precluding summary judgment only if the County's motion and
summary judgment proof established the right to summary judgment as a matter of law. Ervin
v. James, 874 S.W.2d 713, 715 (Tex. App.--Houston [14th Dist.] 1994, writ denied); see City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

 The standard for reviewing the denial of a summary-judgment motion is the same
as that for reviewing the grant of a motion. Ervin, 874 S.W.2d at 715. The movant had the
burden to show that no genuine issue of material fact exists and that the movant is entitled to
summary judgment as a matter of law. In deciding whether a disputed material fact issue exists,
the appellate court takes the evidence favorable to the nonmovant as true and must indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. Tex. R. Civ. P. 166a(c);
Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 23 (Tex. 1990); Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 The duties at issue here are those of Douglas Martin, an investigator for the Travis
County Medical Examiner, who removed Torres' body from the accident scene. In pertinent part,
appellees seek damages for mental anguish and emotional distress based on the failure to remove
body parts and personal effects by Martin's misuse of equipment at the scene of the accident. The
County's motion for summary judgment (4) asserts that in removing the body Martin performed a
discretionary act, in good faith and in the course and scope of his employment.

 An act is discretionary, as opposed to ministerial, if the act involves personal
deliberation, decision and judgment. Chambers, 883 S.W.2d at 654; Dear, 902 S.W.2d at 737. 
A ministerial act is one in which "`the law prescribes and defines the duties to be performed with
such precision and certainty as to leave nothing to the exercise of discretion or judgment . . . but
where the act to be done involves the exercise of discretion or judgment, it is not to be deemed
merely ministerial.'" Chambers, 883 S.W.2d at 654 (quoting Rains v. Simpson, 50 Tex. 495, 501
(1878)).

 The County supported its motion with Bayardo's affidavit which states that, to his
knowledge, no statute or other legal guideline describes the method by which a person must
remove a body or collect scattered body parts and tissue from an accident scene. The statute
provides only that, in certain circumstances, a "body shall not be disturbed or removed from the
position in which it is found without authorization from the medical examiner or authorized deputy
. . . ." Tex. Code Crim. Proc. Ann. art. 49.25, § 8 (West 1979). One of the circumstances,
applicable here, occurs "[w]hen any person is killed; or from any cause dies an unnatural death
. . . ." Id. at § 6(2). Bayardo averred further, "My employees must use their own judgment and
common sense to determine the manner in which they perform their tasks, as each circumstance
may be different and require a different response." Because the person who removes or collects
the body must exercise discretion in determining how to proceed in light of the surrounding
circumstances, the duties incident to the removal of a body are discretionary. See City of
Hemstead v. Kmiec, 902 S.W.2d 118, 121 (Tex. App.--Houston [1st Dist.] 1995, no writ) (police
officer's duties incident to investigating crime discretionary); Chapman v. Gonzales, 824 S.W.2d
685, 688 (Tex. App.--Houston [14th Dist.] 1992, writ denied) (county personnel director's duties
discretionary).

 Appellees respond that the question of whether the act was discretionary does not
apply here because the County contracted with a mortuary service to transport bodies from
accident sites. Because a private contractor may perform this task, it is primarily a proprietary
function and the County may be liable for any injury. See City of Gladewater v. Pike, 727
S.W.2d 514, 519 (Tex. 1987); City of Fort Worth v. Adams, 888 S.W.2d 607, 610-11 (Tex.
App.--Fort Worth 1994, writ denied) (city liable for proprietary functions). However, the
proprietary-governmental distinction, created as an exception to the doctrine of sovereign
immunity, applies only to municipalities. See generally 35 David B. Brooks, County and Special
District Law § 2.7 (Texas Practice 1989). The characterization is not relevant to this inquiry. 
The County conclusively established the first element of the official immunity defense.

 The County was also required to establish that Martin acted in good faith. The test
for good faith is one of objective legal reasonableness without regard to whether the official
involved acted with subjective good faith. Chambers, 883 S.W.2d at 656; (5) Gallia v. Schreiber,
No. 01-94-00829-CV (Tex. App.--Houston [1st Dist.] Aug. 24, 1995, no writ h.); see Murillo v.
Garza, 881 S.W.2d 199, 202 (Tex. App.--San Antonio 1994, no writ) (Chambers standard for
good faith applies in all official immunity cases). To be entitled to summary judgment, the
County, therefore, had to show that a reasonably prudent investigator might have believed the
action taken was appropriate. Chambers, 883 S.W.2d at 656-57. The County did not need to
show that taking a different action would have been unreasonable or that all reasonably prudent
investigators would have acted as Martin did. Chambers, 883 S.W.2d at 657. To defeat the
summary-judgment motion, appellees had to show that "no reasonable person in the defendant's
position could have thought the facts were such that they justified defendant's acts." Id.; Kmiec,
902 S.W.2d at 121. If investigators of reasonable competence could disagree on the issue,
immunity should be recognized. Chambers, 883 S.W.2d at 657.

 In addition to Martin's and Bayardo's affidavits, Travis County submitted the
accident report, a supplement to the report and weather records as summary judgment proof. The
reports show that Torres was standing in the southbound lane of FM 973 with his dog when hit
by a 1970 Chevrolet pickup truck at 8:50 p.m on January 5, 1992. The driver did not see Torres
because of dense fog. The weather records indicate that the sun set at 5:44 p.m. that day and that,
during the entire evening, the weather was foggy.

 Martin's affidavit states that he arrived at the reported scene of the accident and
"because of the very dense fog," he saw no sign of an accident. Martin found the actual location
approximately one-half mile north of the reported location. He continues:



. . . I proceeded to take a flashlight and attempted to locate any body tissue which
may have been scattered because of the impact of the vehicle. Due to the weather
conditions and darkness, it was hard to view the area, so I searched the scene of
the accident by flashlight and by the headlights from the police cars. When I
verified that the police completed their photography and investigation, I put on
rubber gloves and picked up brain tissue and bone fragments off the roadway and
placed them in a plastic bag. I picked up all the tissue that I could find. With the
assistance of an officer at the scene, I then moved the body covered with a sheet
onto the stretcher. I decided to transport the remains of the deceased myself
because of the dense fog. The fog created dangerous road conditions, poor
visibility and potential danger for everyone involved at the scene.



 In his affidavit, Bayardo states that the accident occurred on a roadway with no
external lighting, that heavy fog obscured visibility and that the impact scattered portions of body
tissue over a wide area. Bayardo concluded that, under the circumstances, removal of Torres'
body was not only reasonable but also necessary to public safety and for the integrity of Torres'
body.

 Appellees first respond that the affidavits are subjective and conclusory and not
competent summary judgment proof. Appellees did not raise this argument in their response to
the motion for summary judgment. Nevertheless, they may contend on appeal that the summary-judgment proof is insufficient to support the motion for summary judgment as a matter of law. 
Ramirez v. Transcontinental Ins. Co., 881 S.W.2d 818, 829 (Tex. App.--Houston [14th Dist.]
1994, writ denied); see Clear Creek Basin Auth., 589 S.W.2d at 679; McCord v. Memorial
Medical Ctr. Hosp., 750 S.W.2d 362, 364 (Tex. App.--Corpus Christi 1988, no writ) (party who
does not file reply can challenge legal sufficiency of summary judgment proof on appeal). Having
reviewed the affidavits, we conclude that they are competent summary-judgment proof on the
element of good faith. The affidavits state the specific facts relating to the removal of the body
and do more than simply state that Martin acted in good faith. See Kmiec, 902 S.W.2d at 121
(summary judgment evidence consisting of deposition excerpts sufficient to support summary
judgment); compare Garza v. Smith, 860 S.W.2d 631, 634 (Tex. App.--Corpus Christi 1993, no
writ) (appellants' assertions that they acted in good faith, standing alone, insufficient to support
summary judgment).

 Appellees next assert that they successfully rebutted the County's summary
judgment proof on the element of good faith. However, nothing in the appellees' proof addresses
how a reasonable person sent to retrieve the body would have collected and removed Torres' body
and personal effects differently than Martin did. See Gallia, slip op. at 10 (to raise fact issue on
good faith, nonmovant was required to present some proof that no reasonable police office would
have taken actions that movant did). Rather, appellees focus on whether someone could have
collected all the body parts and personal effects. Accordingly, we conclude that the County's
conclusively established the element of good faith.

 Finally, the County was required to prove that Martin was acting within the scope
of his employment. A governmental employee acts within the scope of his authority when he
discharges the duties generally assigned to him. Chambers, 883 S.W.2d at 658. In his affidavit
signed on April 4, 1994, Martin states that he has been employed as an investigator with the
Travis County Medical Examiner's Office since December 1, 1990, and that he was notified of
the accident on January 5, 1992, and then investigated it. In his affidavit Bayardo states that, as
the Chief Medical Examiner for Travis County, he is the employer and immediate supervisor for
Martin who is an investigator for the office. Additionally, appellees allege in their fourth
amended original petition that "Defendant Travis County, by its agents operating in the course and
scope of employment, took possession of Mr. Torres, and transported him to Defendant's morgue
. . . ." See Hennigan v. I. P. Petroleum Co., 858 S.W.2d 371, 372 (Tex. 1993) (judicial
admission is conclusive upon party making it). The County established that Martin acted within
the scope of his employment.

 Because the County established its right to summary judgment as a matter of law,
we sustain the County's point of error, reverse the trial-court order denying the motion for
summary judgment and render judgment that summary judgment is granted in favor of Travis
County based on its affirmative defense of official immunity to appellees' claims under section
101.021(2) of the Tort Claims Act. 



Before Justices Powers, Aboussie and Kidd

Reversed and Rendered

Filed: October 11, 1995

Do Not Publish

1. [1] Appellees are Mary A. Trevino; Angie Torres; Mary Alice Torres; and Isidro Torres, Jr.,
individually and as next friend and natural guardian of Christina Chavez, Josephine Torres and
Steve Torres; and Christina Chavez and Josephine Torres, in their majority capacities.
2. [2] Section 51.014(5) provides for an appeal of an interlocutory order that "denies a motion for
summary judgment that is based on an assertion of immunity by an individual who is an officer
or employee of the state or a political subdivision of the state . . . ." Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(5) (West Supp. 1995). Because Travis County's motion was based on the
official immunity of the employee who removed Torres' body, the County may appeal the trial
court's denial of the summary judgment. City of Beverly Hills v. Guevara, 38 Tex. Sup. Ct. J.
924, 925 (June 22, 1995).
3. The Texas Tort Claims Act also grants a person having a claim under the Tort Claims Act
permission to sue the governmental unit. Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code
Ann. § 101.025 (West 1986).
4. [4] The motion for summary judgment at issue here is the one filed in district court on March
1, 1995 and overruled in the trial court order signed on March 28.
5. [5] The test derives from the standard under federal law in which "`the test is one of objective
legal reasonableness, without regard to whether the government official involved acted with
subjective good faith.'" City of Lancaster v. Chambers, 883 S.W.2d 650, 656 (Tex. 1994),
quoting Swint v. City of Wadley, 5 F.3d 1435, 1441-42 (11th Cir. 1993); see Murillo v. Garza,
881 S.W.2d 199, 202 (Tex. App.--San Antonio 1994, no writ) (test for good faith is one of
objective legal reasonableness without regard to whether governmental official involved acted with
subjective good faith). 


sufficient to support
summary judgment).

 Appellees next assert that they successfully rebutted the County's summary
judgment proof on the element of good faith. However, nothing in the appellees' proof addresses
how a reasonable person sent to retrieve the body would have collected and removed Torres' body
and personal effects differently than Martin did. See Gallia, slip op. at 10 (to raise fact issue on
good faith, nonmovant was required to present some proof that no reasonable police office would
have taken actions that movant did). Rather, appellees focus on whether someone could have
collected all the body parts and personal effects. Accordingly, we conclude that the County's
conclusively established the element of good faith.

 Finally, the County was required to prove that Martin was acting within the scope
of his employment. A governmental employee acts within the scope of his authority when he
discharges the duties generally assigned to him. Chambers, 883 S.W.2d at 658. In his affidavit
signed on April 4, 1994, Martin states that he has been employed as an investigator with the
Travis County Medical Examiner's Office since December 1, 1990, and that he was notified of
the accident on January 5, 1992, and then investigated it. In his affidavit Bayardo states that, as
the Chief Medical Examiner for Travis County, he is the employer and immediate supervisor for
Martin who is an investigator for the office. Additionally, appellees allege in their fourth
amended original petition that "Defendant Travis County, by its agents operating in the course and
scope of employment, took possession of Mr. Torres, and transported him to Defendant's morgue
. . . ." See Hennigan v. I. P. Petroleum Co., 858 S.W.2d 371, 372 (Tex. 1993) (judicial
admission is conclusive upon party making it). The County established that Martin acted within
the scope of his employment.

 Because the County established its right to summary judgment as a matter of law,
we sustain the County's point of error, reverse the trial-court order denying the motion for
summary judgment and render judgment that summary judgment is granted in favor of Travis
County based on its affirmative defense of official immunity to appellees' claims under section
101.021(2) of the Tort Claims Act. 



Before Justices Powers, Aboussie and Kidd

Reversed and Rendered

Filed: October 11, 1995

Do Not Publish

1. [1] Appellees are Mary A. Trevino; Angie Torres; Mary Alice Torres; and Isidro Torres, Jr.,
individually and as next friend and natural guardian of Christina Chavez, Josephine Torres and
Steve Torres; and Christina Chavez and Josephine Torres, in their majority capacities.
2. [2] Section 51.014(5) provides for an appeal of an interlocutory order that "denies a motion for
summary judgment that is based on an assertion of immunity by an individual who is an officer
or employee of the state or a political subdivision of the state . . . ." Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(5)