Robert MURILLO and the City of Laredo, Appellants,

v.

Oscar VASQUEZ, and Araceli Vasquez–Guzman, individually and as representative of the estate of Guadalupe Ledesma, deceased, and on behalf of all those entitled to recover for the wrongful death of Guadalupe Ledesma, Appellees.

No. 04–96–00889–CV.

Court of Appeals of Texas, San Antonio.

May 14, 1997.

Rehearing Overruled June 30, 1997.

**14**

Ricardo J. Navarro, Charles H. Sierra, Denton, McKamie & Navarro, P.C., San Antonio, for Appellants.

Donato D. Ramos, Baldemar Garcia, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, for Appellees.

Before RICKHOFF, LOPEZ and GREEN, JJ.

## OPINION

GREEN, Justice.

This is an accelerated appeal of a denial of summary judgment based upon the affirmative defense of official immunity. We reverse, and render judgment in favor of appellants.

### Facts

Guadalupe Ledesma died from injuries suffered when hit by a truck while crossing a street in the City of Laredo. Scott Street is a designated truck route and the intersection where the accident occurred had no traffic light. Ledesma's survivors sued the city and the city traffic engineer on negligence and premises defect claims. Plaintiffs allege defendants knew the intersection constituted a dangerous condition but failed to take steps to correct that condition. They further allege that the combination of increased traffic flow, designation of Scott Street as a truck route, and lack of traffic signals at that intersection, combined with the presence of a stop sign at the next intersection, caused traffic to back up into the intersection of Scott and San Agustin, and prevented pedestrians from seeing on-coming traffic when trying to cross the street. Murillo and the City moved for summary judgment on the official immunity

defense and the court denied an amended motion in its entirety.

## Elements of Official Immunity Defense

■ Government employees in quasi-judicial positions enjoy official immunity from suits arising from the performance of their (1) discretionary duties in (2) good faith when (3) acting within the scope of their authority. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).

Appellants have sought interlocutory review of their official immunity defense concerning this very intersection in another lawsuit on two previous occasions. In *Murillo v. Garza*, 881 S.W.2d 199 (Tex.App.—San Antonio 1994, no writ), we found that Murillo's discretionary duties were conclusively established and that he acted within the scope of his authority. *Murillo I*, 881 S.W.2d at 201. We held that Murillo failed to present any proof establishing the good faith element as a matter of law, relying on mere conclusory statements in his motion. *Id.* at 202. The denial of summary judgment was affirmed.

Following our affirmance, the appellants filed a second motion for summary judgment, again asserting official immunity. In *Murillo II*, the majority held that although Murillo and the City presented evidence of good faith, appellees presented controverting evidence sufficient to raise a fact issue on the good faith element. *Murillo v. Garza*, 904 S.W.2d 688, 692 (Tex.App.—San Antonio 1995, writ denied). The dissent argued that Murillo's summary judgment evidence established as a matter of law that a reasonable traffic engineer could conclude that no traffic control improvements were necessary at the intersection. The dissent considered the appellees' expert's affidavit to offer only conclusory statements tracking the *Chambers* test. *Id.* at 694. (Green, J., dissenting).

This third attempt to establish official immunity concerns a subsequent accident at the same intersection. Murillo argues he is entitled to immunity from personal liability as a matter of law. Appellees do not dispute the scope of employment element.

## The Element of Discretion

Two expert engineers, Nix and Ballard, and Murillo's supervisor offered affidavit and deposition testimony that Murillo's position involves collective engineering judgment. Appellants asked that we take judicial notice of our holding on this issue in *Murillo I*. Appellees dispute the discretion element and argue that engineering discretion is analogous to medical discretion. They state in their brief, "Murillo was only interpreting and analyzing technical data and information and drawing conclusions from that data based upon engineering principles and formulae." This is different from governmental discretion, they argue, because the decisions Murillo made did not involve civic or policy-making decisions that are traditionally afforded the protection of official immunity. *See Kassen v. Hatley*, 887 S.W.2d 4, 11 (Tex. 1994) (government-employed doctors making purely medical decisions do not enjoy official immunity).

■ Determining whether an act is ministerial or discretionary involves searching for a law or regulation controlling the acts of the official in a particular situation. *Barker v. City of Galveston*, 907 S.W.2d 879, 888 (Tex. App.—Houston [1st Dist.] 1995, no writ). One mandatory act is not determinative of the issue, however, the court must consider the official's duties as a whole. *Koerselman v. Rhynard*, 875 S.W.2d 347, 351 (Tex.App.— Corpus Christi 1994, no writ).

■ In *Kassen v. Hatley*, the Supreme Court recommended that courts consider a variety of factors in analyzing whether a particular act is discretionary, including the nature and importance of the function, the likelihood of harm, the seriousness of the harm, and the availability of other relief. 887 S.W.2d at 12, n. 8 (citing RESTATEMENT OF TORTS § 895D cmt. f (1977)) (listing factors to determine a discretionary function). Appellees attempt to classify a city traffic engineer's decisions related to traffic control as ministerial such that one merely employs engineering principles and formulae. Appellees argue that city ordinance § 19.279 [1] cre-

---

1. Laredo city ordinance section 19.279, cap- tioned "Excluding specified traffic" states:

ates mandatory duties for the city traffic engineer, utilizing the word "shall" in reference to authorizing the city engineer and the city traffic director to determine and designate heavily traveled streets off-limits to certain types of traffic, e.g., trucks.[2] Appellee's expert bases his opinion on what he construes as the "mandatory" language in the city ordinance—despite the fact he is not a legal expert. Murillo's objection to this testimony as incompetent and an erroneous statement of law was denied. We rejected appellee's position on the ordinance being mandatory in *Murillo I*, 881 S.W.2d at 201, and found that the ordinance permitted Murillo to "exercise discretion regarding the placement of traffic-control devices." *Id.* Appellees misconstrue the use of "shall" in this ordinance. We find the ordinance to authorize such evaluation and, in appropriate circumstances, action; this does not make the action ministerial. Unlike the decisions made in a *Kassen* context, the decisions of a city traffic engineer in evaluating traffic flow and control are clear governmental functions. As appellants' counsel noted at oral argument, second-guessing the discretion of a city traffic engineer has considerable implications. There are countless traffic accidents on city streets every day, the vast majority of which involve an element of driver negligence. One wonders whether any reasonable person would accept the position of city traffic engineer knowing his decisions may subject him to personal liability.

## The Element of Good Faith

 Texas uses an objective legal standard to test good faith in official immunity cases. The official has the burden to prove a reasonably prudent official, under the same or similar circumstances, might have believed that the action taken was justified. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656–57 (Tex.1994) (high speed police chase case).

The official need not prove that it would have been unreasonable to take a different action; neither must he prove that all reasonably prudent officials would have made the same decision as he. *Id.* at 657. An official can act negligently and still meet the test for good faith.

 Murillo sought to establish the good faith element with his own affidavit and that of two experts who state he acted reasonably, and therefore in good faith. Appellees argue that paid (and therefore presumably non-independent) experts are interested witnesses whose affidavits are only sufficient under Rule 166a if they are easily controverted. Tex.R.Civ.P. 166a (Vernon Pamph.1996). Ironically, appellees offer the affidavit of their own expert, Steitle, to attempt to controvert Murillo's good faith proof. In view of that, we conclude that Murillo's expert affidavits are easily controvertible and are competent summary judgment proof.

 Murillo notes that Steitle as well as Murillo's own expert, Nix, are not city traffic engineers, but are merely consulting engineers. Murillo's other expert, however, is Andrew Ballard, San Antonio's city traffic engineer. Without deciding whether this distinction is legally significant, we note that Ballard was not a witness in *Murillo I & II*, so this appeal presents additional evidence on the issue of good faith. Ballard conducted a thorough investigation before providing his opinions: he personally visited the intersection in question and observed traffic operations; he interviewed Murillo and discussed his actions with regard to this intersection; he reviewed the depositions of Murillo and five other city employees and the deposition of Steitle given in the *Murillo I* lawsuit involving the same intersection; he reviewed a videotape of peak period traffic flow at this intersection which was made shortly after

---

The city traffic director and the city engineer are hereby authorized on the basis of an engineering and traffic investigation to determine and designate those heavily traveled streets upon which shall be prohibited any class or kind of traffic which is found to be incompatible with the normal safe movement of traffic and shall erect appropriate official traffic-control devices.

**2.** The title Murillo holds is neither city engineer nor city traffic director. His title is city traffic engineer. City council has not revised Section 19–279 to include city traffic engineer since creating the position which Murillo holds. The city engineer position continues to be a full-time employee involved in all aspects of city street construction and traffic flow.

the accident in question; he reviewed the Texas Manual on Uniform Traffic Control Devices, the American Association of State Highway and Transportation Officials' *A Policy on Geometric Design of Highways and Streets,* the Texas Motor Vehicle Laws, and the Laredo City Code relative to the obligations of the City of Laredo, its traffic director, its traffic engineer, motorists, and pedestrians, as they pertain to the intersection in question; and he reviewed the accident report submitted by law enforcement and plaintiffs' original petition. Based on this investigation, Ballard concluded that no reasonable traffic engineer registered by the State of Texas would assert that Murillo's actions relative to this intersection were inappropriate or not done in good faith. Further, he stated that no reasonable traffic engineer would require additional traffic controls at this intersection, that they were not warranted at the time of the accident, nor are they warranted at the time he delivered this opinion four years later. Because Steitle's expert opinion is based upon an erroneous legal conclusion that city ordinance section 19.279 created mandatory ministerial duties which required Murillo to install traffic control devices at this intersection, we find that his affidavit does not controvert the evidence of good faith established by Ballard's and Nix's affidavits. The trial court thus erred in denying appellants' objection to the Steitle affidavit and in denying appellants' amended motion for summary judgment as it related to the official immunity of appellant Murillo. Appellants' first point of error is sustained.

### Respondeat Superior

The remainder of appellants' summary judgment motion concerns whether the City of Laredo is entitled to summary judgment because its immunity is based on the assertion of individual immunity of one of its employees. Cities are immune from liability when performing governmental acts unless immunity is statutorily waived. *See* TEX.CIV. PRAC. & REM.CODE § 101.021 (Vernon 1986). The City of Laredo asserts that the regulation of traffic is a classic governmental function. *Id.* at § 101.056 (Vernon 1986) & § 101.0215(a)(21) (Vernon Pamph.1996) (traf-

fic regulation excepted from statutory waiver of immunity). We can think of no more classic an example ourselves. The city's exposure in this lawsuit is based upon the doctrine of respondeat superior. Appellees again rely upon what they misperceive to be "mandatory" duties in the ordinance. We have held that section 19.279 of the Laredo City Code does not create mandatory duties on the position held by Murillo and that Murillo is immune from liability. For that reason, appellees' claims against the city must fail as a matter of law. Where the employee is protected from liability under the doctrine of immunity, the government entity's sovereign immunity remains intact. *See City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993). Appellant's second point of error is sustained.

The order denying summary judgment is reversed and judgment is rendered in favor of appellants.