IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40090
(Summary Calendar)
_____

PEDRO COVARRUBIAS, JR.,

Plaintiff-Appellant,

versus

CITY OF BROWNSVILLE, TEXAS; ET AL.,

Defendants,

CITY OF BROWNSVILLE, TEXAS; VICTOR RODRIGUEZ,
Chief of Police, City of Brownsville;
RAYMUNDO SALINAS, JR., City of Brownsville Police Officer,
Individually and in his official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(B-96-CV-195)
--------------------
October 20, 2000

Before HIGGINBOTHAM, WIENER, BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Pedro Covarrubias appeals the grant of

summary judgment in favor of the City of Brownsville and

Brownsville Police Officer Raymundo Salinas as to Covarrubias's

state-law claims. Our review is *de novo*, see St. Paul Mercury Ins.

Co. v. Fair Grounds Corp., 123 F.3d 336, 338 (5th Cir. 1997), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

we apply the familiar test for summary judgment set forth in Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

We reject the defendants' claims that the City is entitled to sovereign immunity. Salinas's alleged tortious acts arise not from the formulation of policy by the City, which would entitle the City to immunity, but from the execution of that policy. See State v. Terrell, 588 S.W.2d 784, 787 (Tex. 1979); Bridges v. Robinson, 20 S.W.3d 104, 107, 114 (Tex. App. 2000).

With respect to Salinas's official immunity, however, there are genuine issues of material fact regarding his good faith, so summary judgment is precluded. As an initial matter, we disagree with the plaintiff's contention that the "good faith" test of City of Lancaster v. Chambers, 883 S.W.2d 650, 656 (Tex. 1994), should be limited to cases involving police pursuit. The Texas courts of appeal have consistently declined to restrict Chambers to its facts and have applied it in a variety of contexts. See, e.g., City of Beverly Hills v. Guevara, 911 S.W.2d 901, 904 (Tex. App. 1995); Murillo v. Gomez, 881 S.W.2d 199, 202 (Tex. App. 1994). We rely on these decisions as setting forth Texas law on this matter. See Texas Dep't of Hous. & Community Affairs v. Verex Assurance, Inc., 68 F.3d 922, 928 (5th Cir. 1995).

The question in this case, therefore, is are there genuine fact issues whether a reasonably prudent officer could have believed that his actions were appropriate in light of clearly established law and the information he possessed at the time his conduct occurred. See Guevara, 911 S.W.2d at 904. According to

2

the testimony of Robert Nixon, the manner in which Officer Salinas restrained Covarrubias - placing him face down on the rear floor of his squad car - was not appropriate. Neither was it reasonable, according to Mr. Nixon, to ignore Covarrubias's complaints about fire ants and the burning he felt while on the floor. Mr. Nixon testified that there were other, preferable options for restraining Mr. Covarrubias, such as restraining his feet or having another officer sit in the car with him.

Contrary to the defendants' assertions, Mr. Nixon's deposition testimony shows that he did consider the risk involved and the potential harm, as required under the <u>Chambers</u> balancing test. <u>See</u> <u>Wadewitz v. Montgomery</u>, 951 S.W.2d 464, 466-67 (Tex. 1997). Mr. Nixon noted both the danger that Mr. Covarrubias posed to himself and to the police vehicle, as well as the risk of harm to Mr. Covarrubias, such as restricted breathing or choking, involved in placing him face-down on the rear floor of the squad car. Mr. Nixon expressed the opinion in his affidavit that no reasonable officer could have believed that it was appropriate to ignore Covarrubias's complaints of burning and continue transporting him in that manner. Mr. Nixon offered the same opinion in deposition testimony that no reasonable officer would have transported Covarrubias in such a manner. Thus, Mr. Nixon's testimony as a whole is sufficient to establish the presence of a genuine issue of material fact on the question whether Officer Salinas acted in good faith. <u>See</u> <u>Wadewitz</u>, 951 S.W.2d at 466-67. We shall not consider the defendants' contention that Mr. Nixon's testimony is unreliable

under the Supreme Court's standard in <u>Kumho Tire Co. v. Carmichael</u>, 525 U.S. 137 (1998), as they failed to raise this issue in the district court. <u>See</u> <u>Williamson v. United States Dep't of Agriculture</u>, 815 F.2d 368, 383 (5th Cir. 1987).

The defendants have the burden of demonstrating good faith, <u>see</u> <u>Chambers</u>, 883 S.W.2d at 653, but they fail to point to any evidence establishing good faith or otherwise negating Mr. Nixon's testimony. In fact, they do not argue at any point in their brief that Officer Salinas acted in good faith. Although we imply no opinion as to the ultimate resolution of this question, we conclude that there are genuine issues of material fact as to Officer Salina's good faith such that summary judgment should not have been granted.

Accordingly, we vacate the district court's order granting summary judgment and remand this matter for further proceedings. VACATED AND REMANDED.